```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

IN RE:
WILLIAM D. BENZ a/k/a DOUG BENZ,

           Debtor.
_____/

KARLA BENZ,

           Appellant,

vs.                         Case No. 2:05-cv-46-FtM-29DNF
                                 Bankr. No. 04-12779
                                 Adversary No. 04-493

WILLIAM D. BENZ a/k/a DOUG BENZ,

           Appellee.
_____/

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on appeal from the Bankruptcy Court's Order on Motions for Summary Judgment (Doc. #15)[1] and Final Judgment (Doc. #16), both entered on December 9, 2004, in favor of plaintiff William D. Benz (debtor or appellee) and against defendant Karla L. Benz (former spouse or appellant). The Order and Final Judgment discharged the debt represented by an obligation imposed by a 1999 Consent Judgment of Divorce. Appellant filed an initial Brief (Dist. Doc. #5) on February 18, 2005, appellee filed a responsive Brief (Dist. Doc. #12) on March

---

[1]The Docket Numbers hereafter refer to the numbers assigned in Bankruptcy Court unless otherwise noted. Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER.

16, 2005, and appellant filed a Reply Brief (Dist. Doc. #17) on March 28, 2005. Appellant filed a corrected Brief (Dist. Doc. #18) on June 1, 2005.

**I.**

Upon the entry of a final judgment by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions on the United States Bankruptcy Court. In re Miller, 39 F.3d 301, 305 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed de novo, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of facts are reviewed for clear error. Fed. R. Bankr. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Crawford v. Western Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). See also In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

**II.**

Appellant Karla L. Benz and debtor/appellee William D. Benz were married on July 11, 1975. They entered into a Divorce

Settlement Agreement on March 11, 1999, in which they expressed the intent to "definitely and for all times settl[e] and determin[e] all rights, obligations and claims which have arisen or might arise out of their marriage relationship and in connection with any action for divorce, including but not limited to, matters of dower, property, spousal support, pension, life insurance and support and custody of the minor child; . . ." (Dist. Doc. #1, Attachment 8, Recitals ¶ E).  With regard to "Spousal Support," the Divorce Settlement Agreement provides:

> 3. Karla shall not be obligated to pay, and Doug shall not be entitled to receive, spousal support, and his claims with respect to spousal support are forever barred.
> 4. Doug shall not be obligated to pay, and Karla shall not be entitled to receive, spousal support, and her claims with respect to spousal support are forever barred.

(Id. at p. 3).  Under "Property Division," a number of specific items are discussed, including a section called "Section 71 payments."  This section provides, in pertinent part, that the husband/debtor shall pay the wife directly, as IRC § 71 installment payments, the sum of $8,400 per month for 120 consecutive months; that the payments would terminate upon death of the wife, but not upon remarriage of the wife; that the payments would be included as part of the wife's gross income and would be deductible by the husband on his federal income taxes; that the installment payments would be non-modifiable for any reason, regardless of change of circumstances, except the wife's death; and that the parties

"specifically stipulate and agree" that this payment obligation "is in the nature of support and maintenance" for the wife and "therefore is not dischargeable in bankruptcy." (<u>Id.</u> at ¶ 9(a)-(e)).

On May 17, 1999, a State of Michigan Circuit Court Judge entered a Consent Judgment of Divorce. The Consent Judgment of Divorce provides that "the parties have reached a mutually satisfactory settlement as to all issues and have entered into a Divorce Settlement Agreement . . . with the request that it be approved and incorporated (but not merged) into this Judgment." The Consent Judgment of Divorce then ordered the dissolution of the marriage and addressed a number of other matters. With regard to "Spousal Support," the Court provides:

> 2.   Plaintiff shall not be obligated to pay, and Defendant shall not be entitled to receive, spousal support, and his claims with respect to spousal support are forever barred.
>
> 3.   Defendant shall not be obligated to pay, and Plaintiff shall not be entitled to receive, spousal support, and her claims with respect to spousal support are forever barred.

(Dist. Doc. #1, Attachment 8, p. 6, ¶¶ 2, 3). With regard to "Property Settlement," the Court incorporated the Divorce Settlement Agreement, which it adopted as "the property settlement in this action." (<u>Id</u>. at ¶ 20). The Court also incorporated all other provisions of the Divorce Settlement Agreement as the order of the Court. (<u>Id</u>. at ¶ 27).

Pursuant to these documents, debtor paid his former spouse the monthly § 71 payments for approximately five years. (Dist. Doc. #6, Tab 3, Affidavit p. 2). The payments were declared as income by the former spouse (Dist. Doc. #6, Affidavit), and were deducted as "alimony, maintenance, and support" by debtor from his income on his federal income tax return (Bankr. No. 04-12779, Schedule I, Doc. #21, pp. 61-62). There is no indication that either party ever claimed that this provision constituted a fraud upon the state court or attempted to have the state court modify the provision.

Debtor filed a Chapter 11 petition in bankruptcy on June 23, 2004, and on August 19, 2004, filed an adversary proceeding to determine the dischargeability of a installment debt pursuant to 11 U.S.C. § 523. The bankruptcy case was converted to a Chapter 7 on November 19, 2004, and the parties filed cross-motions for summary judgment regarding the dischargeability of the installment debt.

In the Order on Motions for Summary Judgment (Doc. #15), Judge Alexander L. Paskay found that "it is clear that neither spouse was intended to receive alimony or support, and have waived their rights to the same and, therefore, are forever barred to assert any alimony or support claim. . . . this Court is satisfied that the monetary obligation imposed on the Debtor was not intended to be in the nature of alimony or support." (Doc. #15, pp. 7, 8). The Bankruptcy Court found that this installment debt was therefore dischargeable.

**III.**

Under Chapter 7 of the Bankruptcy Code, a debtor may obtain a general discharge "from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Certain debts are excepted from discharge, however. Under Section 523(a)(5), a discharge does not include any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--
>
> . . .
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). "The effect of the statute, then, is that a given domestic obligation is not dischargeable if it is 'actually in the nature of' alimony, maintenance, or support." In re Harrell, 754 F.2d 902, 904 (11th Cir. 1985). See also Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). Because federal law governs dischargeability, a domestic obligation can be deemed "actually in the nature of support" even if it is not considered "support" under state law. In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996); Cummings, 244 F.3d at 1265; Harrell, 754 F.2d at 904-05. "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to

function as support or alimony." Cummings, 244 F.3d at 1265 (citations omitted). The party seeking to hold the debt nondischargeable (here, appellant Karla Benz) has the burden of proving by a preponderance of the evidence that the parties intended the obligation to be actually in the nature of support. Cummings, 244 F.3d at 1265.

**IV.**

The question before the Court is whether the Bankruptcy Court was correct in its determination that the § 71 installment payments were not in the nature of alimony, maintenance, or support because the parties did not intend the payments to function as alimony, maintenance, or support. Forsdick v. Turgeon, 812 F.2d 801, 802 (2d Cir. 1987). For the reasons set forth below, the Court concludes that the Bankruptcy Court's determination was clearly erroneous.

While the Divorce Settlement Agreement and the Consent Judgment of Divorce are clear that neither party is entitled to "spousal support" as that term is defined by Michigan law, this does not mean that the installment payments were not "in the nature" of alimony, support, or maintenance. Strickland, 90 F.3d at 446; Cummings, 244 F.3d at 1265. The parties considered and addressed the issue at the time of the divorce, and expressly stated their intent: "The parties specifically stipulate and agree that Doug's obligation to pay § 71 installments is in the nature of

support and maintenance for Karla and therefore is not dischargeable in bankruptcy." (Dist. Doc. #1, Attachment 8, ¶ 9(e)). Such an express statement of intent will normally control. In re Evert, 342 F.3d 358, 368 (5th Cir. 2003). This is particularly so when the state judge specifically incorporates the provision into her final judgment. Cummings, 244 F.3d at 1266-67 (reversing because bankruptcy court failed to consider the intent of state court).

An examination of the conduct of the parties amply demonstrates that the statement of their intent was true and accurate. It is undisputed that for five years after the divorce the parties behaved in a manner consistent with their expressed intent. Debtor paid the installments and deducted them from his income for federal tax purposes. The former spouse received the payments and declared them as income on her federal tax returns. Neither party took exception to the judicially sanctioned interpretation of their divorce agreement, and neither sought modification or correction of the divorce judgment from the state court. It was not until the bankruptcy proceedings that debtor decided he had committed a fraud upon the state court, and then only after filing a Schedule I, which listed the obligation as "alimony, maintenance, and support paid to others." The Court looks with disfavor, to say the least, upon such unexplained belated changes in positions taken in judicial proceedings, e.g.,

New Hampshire v. Maine, 121 S. Ct. 1808, 1814-16 (2001), and in the context of a summary judgment motion, e.g., McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 (11th Cir. 2003).

While the statement of intent is unambiguous and the conduct of the parties comports with that intent, the obligation has some characteristics of a property settlement. While the Bankruptcy Court found these controlling, this was erroneous. The other characteristics of the obligation, while relevant, Cummings, 244 F.3d at 1265-66, are not sufficient to undermine the stated intent and conduct of the parties.

While the installment obligation provision was placed under the "property division" section of the Divorce Settlement Agreement and the "property settlement" portion of the Consent Judgment of Divorce, this is not determinative. Phinney v. Mauk, 411 F.2d 1196, 1197 (5th Cir. 1969)[2](§ 71 analysis); Sylvester v. Sylvester, 865 F.2d 1164, 1165-66 (10th Cir. 1989)(divorce decree reference to "property settlement" does not resolve issue of intent).

The fact that the payments would terminate upon appellant's death is consistent with a support obligation, and not a property settlement, which would accrue to the benefit of her estate. "One

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

hallmark of a support obligation is that it terminates upon death." Evert, 342 F.3d at 369.

The fact that payments would not terminate upon appellant's remarriage was found particularly significant by the Bankruptcy Court. It is clear however, that this does not necessarily make the payments in the nature of a property settlement. Phinney v. Mauk, 411 F.2d at 1197. The Bankruptcy Court also found the fact that the obligation was not subject to modification particularly important. However, non-modifiable, time-limited installment payments have been found to be actually in the nature of alimony, support or maintenance. Forsdick, 801 F.2d at 802-03. Additionally, Michigan law allows alimony to be nonmodifiable if that was the intent of the trial court. Staple v. Staple, 616 N.W. 2d 219 (Mich. Ct. App. 2000); Bonifiglio v. Pring, 507 N.W. 2d 759 (Mich. Ct. App. 1993). Additionally, the installment nature of the obligations also favors a finding of support-like obligation. Under Michigan law, lump sum payments are typically considered property settlements, not alimony. In re McNamara, 275 B.R. 832, 837 (E.D. Mich. 2002).

After considering all evidence, direct and circumstantial, which tends to illuminate the parties subjective intent, as required by Cummings, 244 F.3d at 1266, the Court is left with the definite and firm conviction that a mistake has been committed by the Bankruptcy Court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The decision of the United States Bankruptcy Court on the Order on Motions for Summary Judgment (Doc. #15) and Final Judgment (Doc. #16) are **reversed**. The matter is **remanded** to the Bankruptcy Court to: (1) vacate the Order on Motions for Summary Judgment (Doc. #15) and Final Judgment (Doc. #16); (2) enter an Order denying the debtor's Motion for Summary Judgment (Doc. #10); (3) enter an Order granting appellant's Motion for Summary Judgment (Doc. #12) finding the obligation not to be dischargeable; (4) enter Final Judgment accordingly; and (5) for further proceedings consistent with this Opinion and Order.

2. The Clerk shall enter judgment accordingly and close the file. The Clerk is further directed to transmit a certified copy of this Opinion and Order to the United States Bankruptcy Court Clerk's Office.

3. Appellant's Motion for Stay of Bankruptcy Court Order Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 (Doc. #13) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of June, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

-11-

Copies:
Hon. Alexander L. Paskay
Clerk, Bankr. M.D. Fla.
Counsel of record